UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14261-CIV-MOORE
MAGISTRATE JUDGE P. A. WHITE

CHRISTOPHER JORDAN,                          :

       Plaintiff,                        :

v.                                           :    PRELIMINARY REPORT
                                                  OF MAGISTRATE JUDGE
SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, ET AL.,                      :

                                             :

       Defendants.                       :
_____              :


### I.  Introduction

The plaintiff Christopher Jordan, currently housed at the Charlotte Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE #1]. The plaintiff has been granted leave to proceed in forma pauperis.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.


### II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

         *   *   *

    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

the court shall dismiss the case at any time
if the court determines that –

\*    \*    \*

(B) the action or appeal –

\*    \*    \*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which
relief may be granted; or

(iii) seeks monetary relief from a
defendant who is immune from such
relief.

A complaint is "frivolous under section 1915(e)"where it
lacks an arguable basis either in law or in fact." Neitzke v.
Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346,
1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on
this ground should only be ordered when the legal theories are
"indisputably meritless," id., 490 U.S. at 327, or when the claims
rely on factual allegations that are "clearly baseless." Denton v.
Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state
a claim are governed by the same standard as Federal Rule of Civil
Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11
Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the
language of Federal Rule of Civil Procedure 12(b)(6)"). In order
to state a claim, a plaintiff must show that conduct under color of
state law, complained of in the civil rights suit, violated the
plaintiff's rights, privileges, or immunities under the
Constitution or laws of the United States. Arrington v. Cobb

County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly,

127 S.Ct. at 1964).[1]

_____

[1] Despite recent Supreme Court decisions apparently to the contrary, the Eleventh Circuit still applies a "heightened pleading" standard to complaints alleging §1983 claims against entities who may raise qualified immunity as a defense such as government officials sued in their individual capacities.  The Eleventh Circuit recently acknowledged that "[t]he use of the so-called 'heightened pleading' requirement, though longstanding, continues to give rise to debate. Our cases on this topic are perhaps not the model of clarity . . . ." Weissman v. National Association of Securities Dealers, Inc., 500 F.3d 1293, 1309 n.6 (11 Cir. 2007)(Tjoflat, J., dissenting opinion, criticizing the majority opinion for utilizing a liberal pleading standard).  In Jones v. Bock, 127 S.Ct. 910 (2007), the Supreme Court invalidated a rule "requir[ing] a prisoner to allege and demonstrate exhaustion in his complaint," one of "several procedural rules" that the Sixth Circuit and other courts had superimposed upon the general pleading requirements set forth in the Federal Rules of Civil Procedure. Significantly, the Supreme Court stated that "courts should not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns." The Court explained that heightened pleading requirements can only be established through the legislative process, and noted that the Court had previously rejected the use of a heightened standard in §1983 suits against municipalities (such as Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)), a similar standard used in employment discrimination suits (Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)) and in a death penalty case (Hill v. McDonough, 126 S.Ct. 2096 (2006)(unanimously rejecting a proposal that §1983 suits challenging a method of execution must identify an acceptable alternative: "Imposition of heightened pleading requirements, however, is quite a different matter.  Specific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-by-case determinations of the federal courts.")).  In Bell Atlantic Corp. v. Twombly, supra, the Supreme Court held that a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements). In Erickson v. Pardus, supra, the Supreme Court vacated the Tenth Circuit's dismissal of a §1983 case at the motion to dismiss stage based on a failure in the pleadings, emphasizing that Rule 8(a)(2) requires only a short and plain statement, and accentuating that a departure from the liberal pleading standards set forth in Rule 8(a)(2) is particularly troublesome when the plaintiff is pro se, as pro se pleadings are to be liberally construed.  Interestingly, the Eleventh Circuit has never cited the Erickson case.

The plaintiff seeks to sue the Secretary of the Florida Department of Corrections and Sergeant Murphy of the Martin Correctional Institution.  The plaintiff alleges that on April 6, 2007, Sergeant Murphy witnessed an inmate confront and threaten him, but instead of intervening to protect him, he left the area and left the plaintiff in danger of bodily harm.  Subsequently, the inmate attacked and seriously injured the plaintiff.  Liberally construed, the plaintiff argues that Murphy violated his Eighth Amendment rights and the Secretary failed in his duty to employ competent staff.  He seeks monetary damages and other relief.

<u>Endangerment</u>

It is well settled that the failure of prison officials to control or separate prisoners who endanger the physical safety of other prisoners may, under certain conditions, constitute an Eighth Amendment deprivation; however, the constitutional rights of inmates are not violated every time one inmate is injured as a result of another's actions. <u>Smith v. Wade</u>, 461 U.S. 30 (1983). The constitution requires officials to take all reasonable precautions to protect inmates from known dangers, <u>see</u> <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986); <u>Smith v. Wade</u>, <u>supra</u>; <u>Zatler v. Wainwright</u>, <u>supra</u>; <u>Harmon v. Berry</u>, 728 F.2d 1407 (11 Cir. 1984); <u>Saunders v. Chatham County Board of Commissioners</u>, 728 F.2d 1367 (11 Cir. 1984); <u>Abrams v. Hunter</u>, 910 F.Supp. 620 (S.D.Fla. 1995); <u>Gangloff v. Poccia</u>, 888 F.Supp. 1549, 1555 (S.D.Fla. 1995). The

---

The <u>Jones v. Bock</u>, <u>Twombly</u> and <u>Erickson</u> Courts have once again reiterated, as the Supreme Court unanimously held in <u>Leatherman</u>, <u>Swierkiewicz</u>, and <u>Hill</u>, that adopting a different and more onerous pleading standard in particular types of cases should be done through established rulemaking procedures, and not on a case-by-case basis by the courts.

known danger may arise either because there is a risk posed by one specific inmate against another, because there is a some other more general pervasive risk of harm because violence at the institution occurs with sufficient frequency that prisoners are put in reasonable fear for their safety and the problem and need for protective measures has been made known to prison officials, <u>see</u> <u>Abrams v. Hunter</u>, <u>supra</u>, at 624-25.

For a state actor to be constitutionally liable for failure to protect the safety of an inmate, two requirements must be met. First, the deprivation alleged must be, objectively, "sufficiently serious." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991); <u>Hudson v.</u> <u>McMillian</u>, 503 U.S. 1 (1992). Thus, for a claim based on an alleged failure to prevent harm, an inmate must show that he is incarcerated under conditions that pose a substantial risk of serious harm. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). "[T]he protection [an inmate] is afforded against other inmates" is a "condition of confinement" subject to scrutiny under the Eighth Amendment. <u>Wilson</u>, <u>supra</u>, 501 U.S. at 303. Second, the prison official who ignores a substantial risk of serious harm to an inmate must have a "sufficiently culpable state of mind," <u>Farmer v.</u> <u>Brennan</u>, <u>supra</u>, 511 U.S. at 834. In cases predicated on prison conditions, that state of mind is one of "deliberate indifference" to the inmate's health or safety. <u>Wilson v. Seiter</u>, <u>supra</u>, 501 U.S. at 302-03; <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

Traditionally, applicable authorities have described "deliberate indifference" as a state of mind more blameworthy than mere negligence or even gross negligence, <u>Davidson v. Cannon</u>, 474 U.S. 344 (1976); <u>Estelle</u>, <u>supra</u>, 429 U.S. at 104; <u>Parker v.</u> <u>Williams</u>, 862 F.2d 1471 (11 Cir. 1989), and as something more than a lack of ordinary due care for a prisoner's safety. <u>Whitley v.</u>

Albers, 475 U.S. 312 (1986).

Thus, in order to state a claim of cruel and unusual punishment, the courts have required that a prisoner must allege a conscious or callous indifference to his rights by prison officials. Davidson v. Cannon, supra; Brown v. Hughes, 894 F.2d 1533, 1537-38 (11 Cir. 1990); Washington v. Dugger, 860 F.2d 1018, 1021 (11 Cir. 1988); Williams v. Bennett, 689 F.2d 1370, 1380 (11 Cir. 1982). Only such a degree of disregard for the prisoner's rights, which offends evolving contemporary standards of decency and is repugnant to the conscience of mankind, separates official conduct that is actionable under Section 1983 from simple negligence which is not. When the plaintiff fails to allege and show proof of such an abuse, what may be an ordinary tort does not rise to the level of a constitutional violation actionable under Section 1983. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Estelle v. Gamble, supra, 429 U.S. at 106; Byrd v. Clark, 783 F.2d 1002, 1006 (11 Cir. 1986); Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11 Cir. 1985); Williams v. Bennett, supra 689 F.2d at 1380.

The Supreme Court has emphasized that Eighth Amendment liability requires a showing that the responsible official was subjectively conscious of risk to the inmate:

> We hold...that a prison official cannot be liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.

7

Farmer v. Brennan, supra, 511 U.S. at 837; see also, LaMarca v. Turner, 995 F.2d 1535, 1536 (11 Cir. 1993).

Thus there must be an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation. See Zatler v. Wainwright, supra, 802 F.2d at 401. See also: LaMarca v. Turner, supra, 995 F.2d at 1536. "Personal participation . . . is only one of several ways to establish the requisite causal connection," Zatler v. Wainwright, supra at 401, and thus, personal participation is not the sine qua non for the defendants to be found personally liable. Swint v. City of Wadley, Ala., 5 F.3d 1435, 1446 (11 Cir. 1993), opinion modified on other grounds, 11 F.3d 1030 (11 Cir. 1994). The defendant prison official must, however, ignore a substantial risk of serious harm to the inmate. Wilson v. Seiter, and Estelle v. Gamble, supra.

In this case, the plaintiff has alleged sufficient facts to state a claim for relief against the defendant on a claim of endangerment. The plaintiff's allegations, liberally construed, indicate that by knowing the danger of bodily harm after witnessing a confrontation and threats, the defendant was aware of an excessive risk to the plaintiff's safety yet failed to take proper precautions. The allegations in the Complaint, as demonstrated in the attached exhibits, appear to establish a possible causal connection between the defendant's failure to protect the plaintiff's safety and the degree of injury allegedly suffered by the plaintiff.

## Claim Against DOC Secretary

Under appropriate circumstances the failure to adequately train or supervise may give rise to a claim cognizable under §1983,

8

see City of Canton, Ohio v. Harris, 489 U.S. 378 (1989).  Mere
conclusory allegations of failure to train, however, are not
enough; and the courts have generally held that there is no
affirmative constitutional duty on the part of a supervising public
official to train, supervise, or discipline subordinates so as to
prevent constitutional torts, except where the supervisor has
contemporaneous knowledge of an offending incident or knowledge of
a prior pattern of similar incidents, and circumstances under which
the supervisor's inaction could be found to have communicated a
message of approval to the offending subordinate. See Chinchello v.
Fenton, 805 F.2d 126, 133-34 (3 Cir. 1986).  The Eleventh Circuit
has held that nothing less than a showing of gross negligence is
required to establish liability for inadequate training. Cannon v.
Taylor, 782 F.2d 947, 951 (11 Cir. 1986).

Moreover, the courts have required that the plaintiff must
"identify a deficiency in a training program closely related to the
injury complained of and must further show that the injury would
have been avoided 'under a program that was not deficient in the
identified respect.'" Gordon v. Kidd, 971 F.2d 1087, 1097 (4 Cir.
1992) (quoting City of Canton, supra, 489 U.S. at 391).  Finally,
in order to recover on a claim of failure to train, the plaintiff
must show 1) that the [supervisor] failed to train, 2) that a
causal connection existed between the failure to supervise or train
and the violation of the plaintiff's rights, and 3) that such
failure to supervise or train amounted to gross negligence or
deliberate indifference. Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5
Cir. 1986).  The plaintiff has not satisfied these requirements
because he raises only unsupported and conclusory allegations of
failure to supervise and failure to train, which is insufficient to
state a constitutional claim.

III.   <u>Conclusion</u>

In sum, the plaintiff has stated sufficient facts so that the constitutional claims against the defendant Murphy clear the §1915 screening and Rule 12(b)(6) hurdles, under <u>Twombly</u> and a "heightened pleading" standard, and it is thus recommended that the complaint proceed beyond this initial screening against this defendant in his individual capacity.  It is further recommended that the defendant Secretary be dismissed as a party to this action pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 8th day of August, 2008.


_____
UNITED STATES MAGISTRATE JUDGE

cc:  Christopher Jordan, <u>Pro Se</u>
     DC No. 717087
     Charlotte Correctional Institution
     33123 Oilwell Road
     Punta Gorda, FL 33955